UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

CRYSTAL POWER COMPANY, LTD, *et al*,   §
                                        §
        Plaintiffs,                     §
VS.                                     §     CIVIL ACTION NO. G-10-40
                                        §
COASTAL SALVADORAN POWER                §
COMPANY LTD; nka INKIA                  §
SALVADORIAN POWER LTD                   §
(&QUOT;CSP&QUOT;), *et al*,              §
                                        §
        Defendants.                     §

## OPINION AND ORDER

 Pending before the Court is the defendant, Inkia Salvadorian Power Limited, Nejapa Holding Company Limited, Nejapa Power Company, LLC (collectively, the "Inkia defendants") and Compania de Energia de Centroamerica S.A. de C.V.'s ("Cenergica") motion to compel arbitration.  (Dkt. No. 13).  The plaintiffs, Crystal Power Company ("Crystal") and La Casa Castro ("LCC") filed a response opposing the motion (Dkt. No. 23), and the Inkia defendants and Cenergica filed a reply.  (Dkt. No. 24).  On March 1, 2011, the Magistrate Judge issued a Report and Recommendation (Dkt. No. 39), but has since withdrawn his recommendations.  (Dkt. No. 55).  This Court, having carefully considered the motion to compel arbitration, the response and reply, the numerous exhibits, the pleadings, and the applicable law, concludes that the defendants' motion to compel must be DENIED for the reasons discussed herein.

## I.    BACKGROUND

 By way of history, in October 2002, Crystal Power filed suit against Coastal Salvadoran Power, Ltd. and Coastal Nejapa, Ltd.  In February 2008, after several years

of litigation, the state court judge of the 23rd Judicial District Court, Brazoria County, Texas, issued an order of severance in the state court litigation. The original case, from which this action was severed, remained pending in state court.[1] On November 10, 2009, the plaintiffs filed their second amended petition in the state court action naming Cenergica as a defendant. In this petition, which remains the "live" complaint, the plaintiffs asserted various claims against Cenergica claiming that Cenergica engaged in concerted conduct with other defendants in the operation of the Nejapa power project in El Salvador.

On December 18, 2009, the plaintiffs filed their "First Supplemental Petition and Application for Temporary Injunction" against the defendants, Coastal Salvadoran Power, Ltd. ("CSP"), Costal Nejapa, Ltd ("NEJAPA"), and Cenergica. In that pleading, and based upon their alleged proprietary right as the minority-interest owner in the investment agreement, the plaintiffs sought a mandatory injunction requiring that: (1) CSP and NEJAPA cause NEJAPA to hold monthly board meetings pursuant to an investment agreement with the plaintiffs; and (2) Cenergica cause NEJAPA to hold monthly board meetings as referenced in a December 28, 1994, Services Agreement between the plaintiff, LCC and Coastal Technology Salvador (a predecessor-in-name of Cenergica).

On January 15, 2010, the plaintiffs served Cenergica with its Second Amended Petition. Cenergica made a general appearance, filing its answer on February 5, 2010.

---

[1] The orginal case, state court cause number 21815, was separately and subsequently removed from state court to federal court on February 19, 2010, and is styled *Crystal Power Co., Ltd. v. Coastal Salvadoran Power, Ltd., et al.*, Civil Action No. 3:10-cv-57 (S.D.TX, J. Hoyt).

Cenergica did not assert any counterclaims against either plaintiff.  Instead, in February 2010, Cenergica removed the action from state court to federal court asserting that this Court had original jurisdiction over the plaintiffs' claims pursuant to Title 9 U.S.C. § 203 because the claims relate to an international arbitration agreement that fell under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").   More specifically, Cenergica argued that the plaintiffs' claims against them that were based directly on the Services Agreement, which contained an arbitration agreement, gave the Court original subject matter jurisdiction over those claims and attendant supplemental jurisdiction over the plaintiffs' remaining claims.

Following removal, the plaintiffs dismissed with prejudice, all of their claims against Cenergica; however, they continued to pursue claims against non-signatories for rights and benefits based directly on the Services Agreement.  The Court, erroneously or not, determined that remand was inappropriate because those claims were still arbitrable.

## II.    DISCUSSION

In the instant motion, the defendants seek to compel arbitration based on the Services Agreement.  The Services Agreement between LCC and Cenergica contains an arbitration clause  providing:

> 11.11 Arbitration.  Any claim, dispute or controversy arising out of or in connection with or relating to this Agreement or the breach or alleged breaches of this Agreement, other than claims of infringement, and alleged breaches of the license, may be submitted by the Parties to Alternative Dispute Resolution, including arbitration under the rules of the American Arbitration Association….

Given this language, without doubt, the claims for rights and/or benefits from the Services Agreement between LCC and Cenergica are subject to arbitration.  However, all the claims against Cenergica have been dismissed rendering Cenergica's request to compel arbitration moot.  While it is true that the plaintiffs persisted in maintaining these same claims against the non-signatory Inkia defendants, such that an argument existed for applying the doctrine of equitable estoppel[2], these claims have now also been dismissed with prejudice obviating the need to compel arbitration.

Notwithstanding, the Inkia defendants continue in their position that the arbitration clause is broad enough to encompass the majority, if not all, of the other claims that the plaintiffs have alleged against them.[3]  On this point, the Court cannot agree.  It is widely recognized that "'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'"  *AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)); *see also*, *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) ("arbitration is simply a matter of contract between the parties; it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration"); *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (recognizing that a

---

[2] It appears that the plaintiffs' persistence in these claims against the non-signatory Inkia defendants may have convinced Judge Froeschner to recommend that, based on the doctrine of equitable estoppel, these claims were subject to arbitration.

[3] **The plaintiffs' claims against the Inkia defendants include such claims as breach of contract, breach of fiduciary duty, breach of the duty of good faith and fair dealing, negligence, and tortious conduct arising from the settlement.  The plaintiffs also seek a declaratory judgment related to the proceeds of the settlement.**

"court cannot compel parties to arbitrate issues they have not agreed to submit to arbitration."); *Smith Barney Shearson, Inc. v. Boone*, 47 F.3d 750, 752 (5th Cir. 1995) ("a party may only be compelled to arbitrate an issue he has previously agreed to arbitrate").  As expressed by the Supreme Court, "[t]his axiom recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." *AT & T Techs.*, 475 U.S. at 648–49.

Although issues concerning the scope of an agreed-upon arbitration clause are subject to a presumption of arbitrability, this presumption does not apply to the preliminary question of whether there is a valid agreement to arbitrate between the parties.  *See AT & T Technologies*, 475 U.S. at 650 (recognizing presumption of arbitrability "where a contract contains an arbitration clause"); *United Steelworkers of America, AFL—CIO v. ASARCO, Inc.*, 970 F.2d 1448, 1454 (5th Cir. 1992) (Weiner, J., concurring/dissenting) ("The arbitrability presumption is never properly used to force to arbitration an issue that the parties have not clearly agreed to arbitrate.").  The movant bears the burden of proving the existence of a binding agreement to arbitrate.

In the case at bar, the Court finds that no agreement exists between the plaintiffs and the Inkia defendants (or their predecessors in interest) to arbitrate any issue.  The Court, therefore, concludes that the defendants' evidence and arguments fail to sustain their position.

Accordingly, it is hereby ORDERED that the defendants' motion to compel arbitration is DENIED.

SIGNED at Houston, Texas this 14th day of October, 2011.

_____
Kenneth M. Hoyt
United States District Judge